UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK G. GOODENOUGH,

                              Plaintiff,

v.                                             Civil Action No. _____

CACH, LLC, and
DANIELS & NORELLI, P.C.,

                              Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that each of the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Mark Goodenough is a natural person residing in the County of Monroe and the State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant CACH, LLC, (hereinafter "CACH") is a foreign limited liability company organized and existing under the laws of the State of Colorado, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Daniels & Norelli, P.C., (hereinafter "Daniels") is a public corporation organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to either Defendant herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Goodenough incurred a credit card debt to Bank of America in or about 2003, when he was a resident of Rochester, New York. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter defaulted on the subject debt.

13. That upon information and belief, after Plaintiff defaulted on the subject debt, the account was transferred or assigned to Defendant CACH, who thereafter employed Defendant Daniels to attempt to collect the subject debt.

14. That in or about late April and/or May of 2008, D & I called Plaintiff's parents on multiple occasions. During the initial telephone conversations, Defendant informed Plaintiff's father that they were attempting to locate Plaintiff and asked him to verify the contact information they had on file for Plaintiff. After verifying said information, Plaintiff's father notified Defendant that Plaintiff did not reside with him and expressly directed Defendant to stop calling. Despite Plaintiff's father providing Defendant with this information during their first conversation, D & I continued to call Plaintiff's father.

15. That Plaintiff's father and mother were in no way legally obligated to make payment on the subject debt.

16. That in or about late August of 2008 Defendant Daniels called Plaintiff while he was at work. Plaintiff immediately notified Defendant that he was unable to discuss personal matters because he was at work. Despite having knowledge that it was an inconvenient time for Plaintiff to receive personal telephone calls at work, Defendant nevertheless proceeded to make multiple telephone calls thereafter to Plaintiff while he while he was still at work.

17. That in 2008, Defendants sued Plaintiff in Onondagua County. Plaintiff has not lived in Onondagua County since approximately 1995. As a result, Defendants took a default judgment against Plaintiff, who resides in Monroe County.

18. That the Plaintiff did not enter into the contract with the original creditor in Onondagua County.

19. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above

21. The conduct of each Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), and 15 U.S.C. §1692c(b), by disclosing Plaintiff's debt status, by failing to limit the subject of their communications with father to attempting to obtain location information for Plaintiff, and by repeatedly contacting Plaintiff's father despite already possessing Plaintiff's correct location information and after having received express direction from Plaintiff's father to stop calling.

    B. Defendants violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5), by engaging in conduct the natural consequence of which was to harass the hearer when they repeatedly and continuously caused Plaintiff's telephone to ring at a time that was known to be inconvenient for the Plaintiff, and with the intent to annoy, abuse and harass the Plaintiff.

    C. Defendants violated 15 U.S.C. §1692e(10) and 15 U.S.C. §1692i(a)(2), by suing Plaintiff in a distant venue, to wit: Onondagua County.

22. That Defendant CACH is vicariously liable for the tortious acts of Defendant Daniels described herein pursuant to the laws of agency and otherwise.

23. That as a result of each of the Defendants' FDCPA violations, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each of the Defendants for:

   (a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C. §223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that the Plaintiff demands trial by jury in this action.

Dated: April 15, 2009

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
         ajordan@kennethhiller.com